**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4363**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL JOSEPH NASCEMBENI, a/k/a Daniel Anthony Nascimbeni,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, Chief District Judge.   (2:13-cr-00025-JPB-JSK-1)

Submitted:  November 18, 2014        Decided:  December 5, 2014

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Clarksburg, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Joseph Nascembeni pled guilty to one count of mail fraud and one count of making false statements in an application for Supplemental Security Income benefits. The district court sentenced him to 24 months' imprisonment on each count, to be served concurrently. Nascembeni appeals, challenging the two-level enhancement imposed at sentencing based on his commission of bankruptcy fraud. We affirm.

We review the district court's factual determinations as to sentencing enhancements for clear error, United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011), and will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005). Relevant conduct includes all actions "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(1). A two-level enhancement is warranted for bankruptcy fraud as relevant conduct "[i]f the offense involved . . . a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding." USSG § 2B1.1(b)(9)(B).

The offense conduct also includes all acts that "were part of the same course of conduct or common scheme or plan as

2

the offense of conviction." USSG § 1B1.3(a)(2); see United States v. Johnson, 643 F.3d 545, 551 (7th Cir. 2011) (upholding use of uncharged and unconvicted relevant conduct that was part of the same course of conduct or common scheme or plan as the offense of conviction).

Here, the district court determined that Nascembeni's conduct of filing a bankruptcy petition using his alias and second Social Security card was "part and parcel of the same fraudulent behavior" on which his convictions were based. Specifically, Nascembeni applied for and received government benefits using two different Social Security numbers that had been issued to him: one with his name spelled properly, and one with his name misspelled. During this same time, Nascembeni filed two separate bankruptcy petitions — one in his correct name and one using his alias — and received discharges of his debts. We find no clear error by the district court in imposing the enhancement under USSG § 2B1.1(b)(9).

Accordingly, we affirm Nascembeni's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3